R._____ G._____ T._____, Respondent,

v.

Y._____ G._____ T._____, Appellant.

No. KCD 28463.

Missouri Court of Appeals,
Kansas City District.

Nov. 1, 1976.

Louis Wagner, Kansas City, for appellant.

Vincent F. Igoe, Jr., Liberty, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM.

The wife has appealed from a decree entered in a dissolution of marriage proceeding. Her dissatisfaction with the decree is limited to that portion awarding custody of the two minor children born of the marriage to the husband. The children were girls, age 4 and 2 respectively.

The wife takes the position that the court erred in awarding custody of the two minor children to the husband because they were girls of tender years; particularly so, since the "evidence failed to show that" she "was unfit or that her misconduct had any effect on the welfare of the children".

A brief recital of certain evidence is very telling as to why the trial court arrived at its decision to give the husband custody of the two minor children. Shortly before the parties separated the wife became enamored with another man. The amour was so overpowering that she left her husband and children. The children remained with the husband. After leaving, the wife made no effort to see the children for approximately six weeks. During the six week interim she told her husband that he could have custody of the children. She then began to vacillate and eventually concluded that she wanted custody of the children.

The husband evidenced the traits of a good parent throughout. He shouldered the responsibility of making a home for the children despite the wife's absence. A "social service worker" from the Clay County Family Service Office conducted a "home study" for the court regarding the type of home and care provided the children by the husband. She testified "the house was well kept" and "located in a neighborhood well adapted to young children", and that the little girls "seemed to be normal, happy, little girls."

The desirability of awarding custody of children of tender years, especially girls, to their mother should not be indulged to the extent of excluding consideration of all other relevant matters. *Johnson v. Johnson*, 526 S.W.2d 33, 37 (Mo.App.1975). The dominant concern when determining custody is the "best interests" of the child or children. Section 452.375, RSMo Supp. 1973; *In re Marriage of Powers*, 527 S.W.2d 949, 952 (Mo.App.1975); and *Kanady v. Kanady*, 527 S.W.2d 704, 707 (Mo.App.1975). Once the trial court has spoken on the subject, an appellate court should not disturb a custody order unless the "best interests" of the child or children require a different disposition. *In re Marriage of Powers*, supra, at 952. Deference should be given to a trial court's assessment of what serves the "best interests" of a child or children in custody matters and its decision in that respect should be affirmed on appeal unless it lacks substantial evidence to support it,

or is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

It is manifest that the trial court concluded that the husband's attitude towards the children was one of parental love and parental responsibility. On the other hand, the wife's attitude towards the children, though not lacking in parental love, was lacking in parental responsibility. In view of the disparity between the husband's and wife's sense of parental responsibility for the children, coupled with undisputed testimony that the children were being well cared for by the husband, the trial court concluded that the "best interests" of the children would be served by leaving them with the husband.

In the instant case no justification exists for this court to substitute its judgment for that of the trial court and therefore it defers to the trial court's decision that the "best interests" of the two minor children will be achieved by placing them in the custody of the husband.

Judgment affirmed pursuant to Rule 84.-16(b).

All concur.