In re MARRIAGE OF Leo D.
HALLAK, Respondent,

and

Velma R. Hallak, Appellant.

Nos. KCD 29052, KCD 29319.

Missouri Court of Appeals,
Kansas City District.

Dec. 5, 1977.

Bert H. Jacob and Ronald G. Byers, Rosenwald & Jacob, Kansas City, for appellant.

Barbieri, Combs & Gotschall, John R. O'Malley, Roger J. Barbieri, Kansas City, for respondent.

Before TURNAGE, P. J., and PRITCHARD and SOMERVILLE, JJ.

PER CURIAM.

The wife has appealed from a decree entered in a dissolution of marriage proceeding. The fragmented nature of the wife's appeal accounts for the two numbers assigned to the case by this court, and no issue attaches thereto.

The wife was awarded custody of the two minor children born of the marriage, Leo and Andrew, two and one-half and four years of age, respectively, at the time of the hearing. Her dissatisfaction with the decree is limited to those portions which permit the husband to have the two minor children during certain designated hours on every Sunday and alternate weekends, for six weeks during June, July and August in increments of one, two or three weeks, and on certain holidays on an alternate basis.

More specifically, the wife on appeal successively contends, by way of "Points Relied On", that such "finding[s] . . . [are] against the overwhelming weight of the evidence" and that "the evidence of record is insufficient to support a finding that any such specific awards are in the best interests of the children".

The format employed by the wife on appeal in the "Points Relied On" was obviously intended to place the complained of portions of the decree beyond the perimeter of affirmance circumscribed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). It is patent that the complained of portions of the decree are adjunctive to the primary question of custody of the minor children. Such being the case, it is axiomatic that the best interests of the children are of paramount importance, and the trial court's judgment in the matter should not be disturbed on appeal unless the "best interests" of the children so demand. On appeal deference is given to the trial court's

**614**

assessment of what serves the "best interests" of the children, and its decree should be affirmed unless it lacks substantial evidence to support it, or is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron, supra.* See also: *R___ G___ T___ v. Y___ G___ T___,* 543 S.W.2d 330, 331–32 (Mo.App. 1976); and *In Re Marriage of B___ A___ S___,* 541 S.W.2d 762, 763 (Mo.App.1976).

■ As previously noted, the wife castigates the complained of portions of the decree as not warranting affirmance and demanding reversal under *Murphy v. Carron, supra,* because they are against the weight of the evidence at the very best, and lack substantial evidence to support them at the very worst. A review of the record fails to support the "all or nothing" position advanced by the wife. The record's most telling feature is its total lack of any hard evidence that the privileges granted to the father were destructive of the "best interests" of the children or in any way detrimental to their emotional or physical development and well-being. Although the record in all candor may be slightly threadbare in certain places, it is not totally naked, and for this reason it cannot be said in good conscience that the complained of portions of the decree lacked substantial evidence to support them. Nor can it be said in good conscience that the complained of portions of the decree were against the overwhelming weight of the evidence in view of the admonition contained in *Murphy v. Carron, supra,* that "[a]ppellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong."

As no error of law appears, and having determined that an extended opinion would have no precedential value, the decree entered by the trial court is affirmed under Rule 84.16(b).

All concur.