**Carolyn GAYMAN, Respondent,**

v.

**Dale GAYMAN, Appellant.**

**No. 29074.**

Missouri Court of Appeals, Kansas City District.

Dec. 5, 1977.

Dale Gayman, pro se.

Edward J. Murphy, Butler, for respondent.

Before TURNAGE, P. J., and PRITCHARD and SOMERVILLE, JJ.

PER CURIAM.

The father of a ten year old male child has appealed from a custody modification order entered in the Circuit Court of Bates County at the behest of the mother. The modification order, same being the second modification of the original custody order, limits the number and length of visitations by the father and restricts them to a neutral location. Suffice it to say, the modification order substantially reduces the father's visitation privileges as compared to his rights of visitation under both the original and previously modified custody order.

As disclosed by the evidence, the father is a man of stout beliefs and possesses an unyielding commitment to their practice and advancement. The record is rife with evidence from which the trial court could reasonably find that the father espoused and advanced his beliefs in the presence of his ten year old son on frequent occasions,

618

while exercising his visitation privileges, and that doing so endangered the child's physical health and impaired his emotional stability.

Section 452.400, RSMo Supp.1973, provides, in part, as follows: "2. The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child, but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger the child's physical health or impair his emotional development." It leaves no room for doubt that the "best interests" of the child is the polestar to guide on when charting restrictions to parental visitation rights. The appeasement of unfulfilled parental desires or of claimed parental priorities has no bearing on the matter.

Deference should be given to the trial court's assessment of what "best" serves the interests of the child in matters pertaining to visitation rights, and once it has spoken its decision with respect thereto should be affirmed on appeal unless it lacks substantial evidence to support it, or is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *R_____ G_____ T_____ v. Y_____ G_____ T_____*, 543 S.W.2d 330, 331–32 (Mo.App.1976); and in *Re Marriage of B_____ A_____ S_____*, 541 S.W.2d 762, 763 (Mo.App.1976). No reason falling within the purview of the scope of appellate review just mentioned exists to justify reversal of the trial court's order.

As no error of law appears, and having determined that an extensive opinion would have no precedential value, the modification order entered by the trial court is affirmed under Rule 84.16(b).

All concur.