**Peggy L. FORT, Respondent,**

v.

**Gaines H. FORT, Appellant.**

**No. 46130.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 1, 1984.

James M. Martin, St. Louis, for appellant.

David P. Senkel, Hillsboro, for respondent.

CRANDALL, Judge.

Gaines H. Fort, appellant herein, appeals from a decree dissolving the parties' marriage of almost twenty-two years. The trial court divided the marital property, awarded custody of the parties' two then-minor children to the respondent, Peggy L. Fort, and awarded her child support. On appeal he challenges two provisions of the decree relating to the division of the marital property. We affirm as modified.

Appellant has been employed by American Can Company for twenty-two years. Through his employer he participates in a "Retirement Plan for Salaried Employees." He has a "vested" interest in the plan, so that, even if terminated from his employment, he would be eligible to receive benefits upon reaching the age of sixty-five. His interest has not "matured," in that he has no present right to receive benefits. *See Kuchta v. Kuchta*, 636 S.W.2d 663 (Mo. banc 1982). The trial court found that appellant's " 'Total Annual Plan Benefit,' at age 65, assuming termination tomorrow, would be approximately $10,500.00." This appears to be a minimum annual benefit, as the amount increases with continued service.

Appellant is also covered by two life insurance policies. One policy is a whole life policy with a face value of $20,000 and a cash value at the time of the decree of $2,980. The other policy is a term life insurance policy with a face value of $128,-000.

Appellant's first point deals with the court's treatment of his retirement plan. The trial court determined that the plan was his separate property and set it apart to him. In addition, however, the court ordered him to pay $5,000, in five equal annual installments, to respondent in recognition of her lack of corresponding benefits. Appellant maintains that the trial court had no authority to order the cash payment in an attempt to equalize or offset the value of his separate property.

Almost one month after the trial court entered its decree, the Missouri Supreme Court decided *Kuchta v. Kuchta*, 636 S.W.2d 663 (Mo. banc 1982). *Kuchta* determined that vested, but non-matured pension rights earned by one spouse during the marriage are to be considered marital property. As with other marital property, the precise disposition depends on the facts of each case. *Id.* at 665–66. The court then affirmed a dissolution decree that awarded the husband his pension, as marital property, with a cash payment to the wife to offset that award.

■ In this case, it is clear, in the light of *Kuchta*, that the trial court erred in determining that appellant's pension was his separate property. It is also clear, however, that the court did not err in ordering a cash payment to respondent to offset the value of appellant's retirement plan. Further, it appears that the cash award is reasonable, in both amount and terms of payment. Thus, the trial court reached a permissible result. We therefore modify the decree to provide that appellant's pension is marital property that is set aside to him and affirm the order that he pay respondent $5,000.

We turn now to appellant's second point which challenges a provision in the decree ordering him to name respondent and their two then-minor children as beneficiaries on $75,000 of his term life insurance. The decree provided that when the elder of the two children reached majority or became emancipated, respondent and the youngest child would be named equal co-beneficiaries of that same amount. Further, it provides that should respondent remarry or die, the youngest child is to be the sole beneficiary of that $75,000.

■ Although appellant contests this entire provision, we note that the elder child has now reached majority, so the provision no longer applies to her. In addition, respondent concedes in her brief that the point is moot as to her because she has remarried. We may accept this concession although not formally a part of the record. *Consumer Contact Co. v. Department of Revenue*, 592 S.W.2d 782, 785 (Mo. banc 1980). Thus, the present effect of the challenged provision is to order appellant to name the youngest child as beneficiary of $75,000 of insurance.

Appellant argues that term life insurance does not constitute marital property and therefore is not subject to division in a dissolution proceeding. *See Flach v. Flach*, 645 S.W.2d 718, 719 (Mo.App.1982). Assuming that appellant's point properly raises the question of naming the youngest child as a beneficiary, we decline to reach the question.

■ Appellant testified at trial, on direct examination, that he thought it "appropriate" to name the youngest child as beneficiary of a reasonable amount of life insurance. This provision of the decree is clearly an attempt to give effect to appellant's concession made in open court. Considering the child's age at the time of the dissolution, six, the amount of child support awarded, $100 per week, and the contingency being insured against, the loss of support in the event of appellant's death, the amount is reasonable. While the provision may have been invalid as an attempt to award posthumous child support had it been ordered on the court's own motion, *Niederkorn v. Niederkorn*, 616 S.W.2d 529, 538–39 (Mo.App.1981), any error here was invited by appellant's testimony. He is therefore precluded from attacking it on appeal. *In re Marriage of Kinnick*, 621 S.W.2d 104 (Mo.App.1981).

The judgment of the trial court is affirmed as modified.

KAROHL, P.J., and REINHARD, J., concur.