Katherine D. BACON,
Petitioner-Appellant,

v.

David B. BACON, Respondent.

No. 47282.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 15, 1984.

Herbert W. Morisse, St. Louis, for petitioner-appellant.

Hal Berrien Coleman, Clayton, for respondent.

KAROHL, Presiding Judge.

Appellant-wife appeals a dissolution decree that terminated a six year marriage. The parties had one child, Matthew, age four. The decree awarded respondent-husband temporary custody of Matthew for one week at Christmas and two weeks during summer vacation. Respondent is now a resident of Albine, Texas. Respondent was ordered to pay $50.00 per week for child support with no provision for payment through the Circuit Clerk as authorized by § 452.345, RSMo 1978. The marital property division included an order that the

family home be sold and the equity distributed equally after repaying respondent's grandfather $8492.17 to satisfy loan proceeds used by the parties as a down payment on the home.

Appellant contends on appeal: (1) the award of temporary custody is not in the best interest of the child and is not supported by substantial evidence; (2) the amount of child support is inadequate as not supported by the evidence and that her request for payment through the Circuit Clerk was erroneously denied; and, (3) the court erroneously divided the marital property by ordering the family home sold, the grandfather's loan balance repaid but allowing no credit to appellant for house payments made between the time of the decree and the time of sale.

■ The decree must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares nor applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Using this standard, we find the trial court's decree must be affirmed.

■ First, we consider the award of temporary custody of the minor child, Matthew. Our paramount concern is the best interest of the child. The trial court's judgment should not be disturbed unless the best interest of the child so demands. *Bull v. Bull*, 634 S.W.2d 228, 229 (Mo.App.1982). Further, we should give deference to the trial court's assessment of what serves the best interest of the child. *In re Marriage of Hallak*, 559 S.W.2d 612, 613–14 (Mo. App.1977).

Courts encourage the continued interest, love and affection of divorced parents for their children and strive to afford maturing children ample opportunity for close contact with both parents and hold that where both parties are proper parents, each has a right to reasonable access to the children. *Id.* at 724.

■ The mother has the burden of showing the child's best interests are not served by the father's decreed temporary custody. *Cissell v. Cissell*, 573 S.W.2d 722, 724 (Mo.App.1978). Appellant asserts the following reasons as evidence that the child's best interest would not be served by allowing appellee visitation rights; that appellee left his son; failed to communicate with Matthew during the holidays, failed to send a Christmas card and present to Matthew; failed to call Matthew on his birthday; and, failed to contact Matthew from the last time he saw Matthew on January 3, 1982 through the date of the Dissolution of Marriage decree. Appellee defends that he did not intentionally abandon his son but left the appellant with the unfortunate result of leaving his son also. He contends that he did not contact Matthew because he wished to avoid a confrontation with appellant and not because of his lack of affection for Matthew. Evidence supports appellee's contention that he did not send any gifts because of his serious financial situation. The reasons set forth by appellant to infer appellee an unfit father are tenuous at best. They neither prove that respondent is an unfit father or that the limited periods of temporary custody would endanger Matthew. There was no abuse of discretion in allowing Matthew to visit his father twice a year.

■ Second, appellant alleges that an award of $50.00 per week child support is inadequate and not supported by substantial evidence. The trial court has considerable discretion in setting awards of child support. We cannot substitute our judgment for that of a trial court absent a manifest abuse of discretion. *Wilson v. Wilson*, 642 S.W.2d 132, 136 (Mo.App. 1982).

■ The proper amount of child support to be paid by a person is determined by balancing the needs of the child and the ability of the non-custodial parent to pay. *In re Marriage of Prenavo*, 556 S.W.2d 463, 466 (Mo.App.1977). Appellant's stated expenses for Matthew on her own income and expense statement were $208.00 per month. Respondent's evidence supported a finding that his monthly net income was

approximately equal to his monthly expenses when including $50.00 per week child support. He received, by the decree, a 1976 Plymouth automobile, such personal property as he possessed and some miscellaneous designated items of no particular value. He was ordered to pay all debts of the parties incurred prior to separation except the debt on the 1979 automobile awarded to appellant and the obligation on the real estate which was ordered sold. On these facts we find no abuse of discretion in the award of $50.00 per week child support.

■ Appellant also claims the court erred in denying her request to require respondent to pay child support through the circuit clerk. Before § 452.345, RSMo 1978 was amended, Laws 1982, support payments through the circuit clerk on motion of a party was a matter of discretion. However that section now provides that the court shall make such order if requested by either party and the decree is amended to conform to the statutory requirement.

■ Finally, appellant alleges that the division of marital property was "against the law" and "not supported by substantial evidence." More specifically she contests the admission of a copy of a note which the parties signed in favor of respondent's grandfather to evidence loan proceeds used as a down payment on the marital home; that the court erred in excluding evidence which may have related to respondent's marital misconduct and therefore did not consider it in making the marital property division (objections were sustained on the basis of marital privilege); and the court erred in failing to credit appellant with any house payments made between the decree and the time of sale.

We find no abuse of discretion. Appellant acknowledged the loan. The note or copy of note were not relied upon to establish the balance owed on the loan. The consideration of the note was therefore of no consequence in the court's determination that the grandfather's loan should be repaid before dividing the sale proceeds.

We cannot review the possible prejudice resulting from the refusal of the court to hear testimony involving conversations between appellant and respondent as privileged for the reason that no offer of proof was made. The evidence if received may have been of no consequence in the division of marital property.

Finally, the credit or failure to credit loan repayments pending sale does not in itself constitute evidence of abuse of discretion. Appellant had exclusive use of the property pending sale. Respondent, as a non-resident of Texas, entrusted the urgency of sale with appellant. She therefore was left with the opportunity of a prompt sale. Further, respondent was ordered to pay family debts to the date of separation, including any unpaid monthly loan payments for which he was entitled to no credit.

We find that the division of marital and separate property of the parties was fair and equitable under all the evidence submitted to the trial court. *Rasmussen v. Rasmussen*, 627 S.W.2d 117, 120 (Mo.App. 1982).

The decree of dissolution is modified so as to provide that respondent husband shall pay child support payments to the circuit clerk of St. Louis County, Missouri and in all other respects the decree is affirmed.

REINHARD and CRANDALL, JJ., concur.