**James Earl VAUGHAN, Appellant,**

v.

**Mary Jean Vaughan MERRITT, Respondent.**

No. WD 34513.

Missouri Court of Appeals, Western District.

June 12, 1984.

Edward Berg, Mid-Missouri Legal Services, Columbia, for appellant.

David V. Bear, Bear, Hines & Thomas, Columbia, for respondent.

Before TURNAGE, C.J., and SHANGLER and NUGENT, JJ.

TURNAGE, Chief Judge.

James Vaughan filed a motion to modify a dissolution decree to require that his son visit him in the penitentiary. The court denied the motion and Vaughan contends that the denial is not supported by substantial evidence and that the court did not make a specific finding that the requested visitation would endanger the physical health or impair the emotional development of the child. Affirmed.

Vaughan's son was nine and one-half years old at the time of the hearing on the motion. He had not seen Vaughan since he

was two years of age and did not know that Vaughan was in prison.

Vaughan was under a sentence of 20 years following a plea of guilty to two rapes, sodomy, and assault. Prior to that plea Vaughan had been convicted of contributing to the delinquency of a child by having sexual relations with a girl under the age of 16.

There was evidence that Vaughan's son was well adjusted and happy. There was also evidence that it would be extremely upsetting to him to learn that his father was in prison and to further learn that he would be required to visit his father at prison.

The court is considered to have found all fact issues in accordance with the result reached. Rule 73.01(a)(2). Thus, the trial court is deemed to have found that it would not be in the best interest of the child to require him to visit his father in the penitentiary. This result is supported by substantial evidence in the record concerning the well being of the boy at the time of the hearing and the effect on him of being required to visit his father in prison.

In *Gayman v. Gayman*, 559 S.W.2d 617, 618 (Mo.App.1977), this court stated that deference should be given to the trial court's assessment of what best serves the interest of the child in matters pertaining to visitation rights. Once the trial court has made its decision it will be affirmed if there is substantial evidence to support the findings.

Vaughan further contends that § 452.400.1, RSMo 1978, provides that a parent not granted custody is entitled to reasonable visitation rights, unless the court after a hearing finds that visitation would endanger the child's physical health or impair his emotional development. Vaughan contends the court was required to make such a finding because the effect of the denial of his motion was to deny him reasonable visitation. Vaughan overlooks that the court did not deny him reasonable visitation, but refused to require the child to be taken to the prison for visitation. Vaughan ignores the fact that he has placed himself in a position where he cannot visit his son except in prison. Rather than the court denying visitation, Vaughan has denied himself visitation through his acts which resulted in his incarceration. In that situation, the court was not required to make the statutory finding that is called for when a court denies visitation.

Vaughan further contends that under *M.L.B. v. W.R.B.*, 457 S.W.2d 465 (Mo.App. 1970), he was entitled to have his son brought to the prison. In that case the court directed the trial court to remove a prohibition in its decree against allowing minor children to be taken to the penitentiary for visitation of their father. In that case the children had been visiting their father in prison on a regular basis prior to the decree and the prohibition against such visits was not requested by any party.

The fact the court removed a prohibition against prison visits does not require the reverse action to be taken—that a court must require child visitation in prison.

As stated in *Gayman*, supra, this court will give deference to the trial court in its judgment as to what best serves the interest of the child on the question of visitation. The trial court is vested with considerable discretion in deciding this question and if its judgment is supported by substantial evidence it will be affirmed. Here the judgment is supported by substantial evidence.

The judgment is affirmed.

All concur.