**William A. BARKER,
Plaintiff-Respondent,**

v.

**Margaret E. BARKER,
Defendant-Appellant.**

No. 47874.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 4, 1984.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
Jan. 9, 1985.

W.W. Sleater, Clayton, for defendant-appellant.

Paul E. Ground, Manchester, for plaintiff-respondent.

GAERTNER, Judge.

Wife appeals from a decree of dissolution. We affirm.

The wife's sole point on review is that the trial court erred in dividing the marital property because it awarded the husband's vested but non-matured pension to him in its entirety.

The parties first appeared before the trial court in 1980. A settlement agreement was reached and the parties executed a document providing for a division of marital property, a lump sum payment by husband to wife and for his payment of her attorney's fees. Three years later it was discovered, in some unexplained manner, that the trial court had failed to enter any decree of dissolution. Additionally, it developed that no consideration had been given in the agreed division of property to marital assets consisting of the husband's pension and the wife's bookkeeping business and Individual Retirement Account (IRA). A second hearing was conducted.[1] The court then entered judgment in accordance with the 1980 settlement agreement, which had long before been implemented by the parties, and awarded the pension to husband, the IRA and business to wife.

Relying upon *Kuchta v. Kuchta,* 636 S.W.2d 663 (Mo. banc 1982); *Lynch v. Lynch,* 665 S.W.2d 20 (Mo.App.1983) and *Fort v. Fort,* 670 S.W.2d 173 (Mo.App. 1984), wife argues that she is entitled either to assets equal to ½ of the present-day value of the pension or to ½ of the proceeds received from the pension upon maturity. Her argument exceeds the rule laid down by these cases. They hold only that a vested but non-matured pension is a marital asset, the precise disposition of which, as well as other marital property, depends upon the facts of each case. *Kuchta,* 636 S.W.2d at 665–66; *Lynch,* 665 S.W.2d at 23; *Fort,* 670 S.W.2d at 175. Neither these cases nor any other authority mandate an equal distribution of a pension or its present-day value.

Wife's argument is to the effect that because the trial court adopted the distribution of assets agreed to three years earlier, it should be compelled to make an equal distribution of the overlooked assets. She asserts that since the parties thought they were divorced, divided their property and went their separate ways, the four factors for consideration in dividing marital property as set forth in § 452.330, RSMo. 1978, could not warrant an unequal distri-

---

1. The circuit judge who heard the matter originally had retired in the interim.

bution of these assets. Not so. In *Schulz v. Schulz*, 612 S.W.2d 380 (Mo.App.1980), the trial court was called upon to distribute certain marital assets overlooked in a dissolution decree entered two years earlier. We held that in making a just division of these assets, the trial court must take into account the marital property already distributed. *Id.* at 383. That is exactly what the trial court did here. The distribution of marital property in the 1980 settlement agreement heavily favored the wife. The court distributed the overlooked marital assets by awarding the pension to husband and the business and IRA to wife. Even if wife's contention that this distribution favored husband is correct, this does not warrant our interference with the exercise of the broad discretion vested in the trial court. Considering the totality of the property division, we are unable to discern any abuse of judicial discretion.

Judgment affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.