Larry Dale WOODS,
Petitioner-Appellant,

v.

Mary Ann WOODS,
Respondent-Respondent.

No. 49998.

Missouri Court of Appeals,
Eastern District,
Southern Division.

July 15, 1986.

Michael L. Maynard, Flat River, for petitioner-appellant.

James G. Freer, Flat River, for respondent-respondent.

REINHARD, Presiding Judge.

Husband appeals from a decree of dissolution, challenging the division of marital

property and the award of maintenance and attorney's fees to wife. We affirm.

The parties were married on December 12, 1970 and had two children: Allen, born September 7, 1970; and Renae, born April 10, 1974. On April 13, 1984, husband left the marital home and began residing with a co-worker and her three minor children. On July 19, 1984, husband filed a petition for dissolution of marriage.

The evidence adduced at trial indicated that husband is employed by the Flat River Glass Company, that his net weekly pay is $342, and that he receives an additional $15 per month for serving as a union grievance committeeman. From 1981 through 1984 he has received a 47% pay increase, and his wages were to increase another $.15 per hour on June 2, 1986. Through his employment he has medical benefits that apparently cover the children. Wife has an eighth grade education and is employed at Farmington Manufacturing. Her net pay is $500 a month, and she does not receive pension benefits. She testified that she has no other source of income.

The trial court, in the decree of dissolution, awarded custody of the children to wife, and provided for visitation by husband. The division of marital assets gave husband the following personal property: a 1979 Dodge pickup; a drag car with paddle tires; his wedding ring; a Volkswagen engine; tools and equipment, including an air compressor and a welder; his personal effects and clothing; his accrued, non-vested pension benefits; and a state income tax refund of $220. In addition to the remaining debt on the Dodge pickup truck, husband was ordered to pay outstanding medical bills of $100 and $25, as well as the remaining balance due on the parties' VISA card.

Wife received her personal effects and clothing as well as the childrens'; a 1980 Chrysler Cordoba; a 1983 Yamaha three-wheeler, "for the benefit of the children"; a dune buggy; a riding lawnmower; a microwave oven given by husband to wife as a Christmas present; a vacuum cleaner; and all the household furnishings, much of which wife owned prior to the parties' marriage. Wife was ordered to pay the existing indebtedness to Sears of $321 and $37 to Dayton Tire.

The marital home was awarded to wife, who is to assume liability for the remaining mortgage payments. The house was valued at $42,000; with $18,800 still due on the loan. Husband was awarded a one-third share in the $23,200 equity, which he is to receive "upon the sale of [the] residence ..., the emancipation of the children, or [wife's] death, whichever event shall occur first."

The court ordered husband to pay $40 per week per child as child support and $55 per week as maintenance, "considering [wife's] income, training, income prospects, and prior standard of living." It further ordered husband to pay $940 in attorney's fees to wife's lawyer.

On appeal, husband first contends that "the trial court erred in making division of the marital property of the parties in such disproportionate manner as to effectively grant no marital property of any real value to [husband], and such order was unsupported by substantial evidence." Husband asserts in his brief that "[wife] received almost two-thirds of the marital property by value," out of an estate of between $35,000 to $40,000.

Having carefully reviewed the record, we consider husband's point in light of well-established principles of law and find it to be without merit. The decree, of course, must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares nor applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court has discretion in the division of marital property, and a just division is not necessarily an equal one, particularly where one party has engaged in misconduct. *Givens v. Givens,* 599 S.W.2d 204, 205–206 (Mo.App.1980). Among the factors to be considered by the court in distributing the marital property is the conduct of the parties during the mar-

riage. § 452.330.1(4), RSMo.Cum.Supp. 1984. While marital misconduct may serve as a basis for the court in dividing the marital property, it "should not serve as a basis for ordering excessive maintenance against, or inadequate marital property to, the offending spouse." *Givens*, 599 S.W.2d at 206.

■ Husband admitted having sexual relations with women other than his wife during the parties' marriage, although he said he did not know how many. His affair with the co-employee he now resides with apparently began while they were both married. Despite husband's adultery, wife attempted to keep the marriage intact and "work this all out." Furthermore, there was evidence indicating that wife owned a house prior to the parties' marriage, which was sold and the equity from which was applied towards the marital residence. The trial court stated that it had considered all the factors set forth in § 452.330, including husband's misconduct during the marriage. Our review of the record convinces us that the division of marital property was supported by substantial evidence.

Husband's second point is that "the trial court erred in awarding [wife] the sum of $55 per week" for her maintenance "because said order is totally unwarranted and unsupported by the weight of the evidence; and the court makes no determination regarding the period of time during which said maintenance should be paid."

■ Several well-established principles guide our review. The determination of the amount of maintenance is a matter resting within the sound discretion of the trial court, and husband here has the burden on appeal of demonstrating an abuse of that discretion. *Bull v. Bull*, 634 S.W.2d 228, 229 (Mo.App.1982). In determining the amount of maintenance the trial court must balance the reasonable needs of the spouse seeking maintenance against the other's capacity to pay. *Id.* "To warrant appellate interference, the amount of maintenance must be patently unwarranted and wholly beyond the means of the spouse who pays maintenance." *Id.* With respect

to the duration of maintenance, it is now well settled that § 452.335, RSMo 1978, authorizes three types of awards: a fixed sum payable at once; a fixed sum payable in installments; *or an award of unlimited duration.* *Hutchins v. Hutchins*, 687 S.W.2d 703, 706 (Mo.App.1985).

■ We have carefully reviewed the record, which indicates that wife's income, including the maintenance and support payments, falls slightly short of meeting the monthly expenses of her and the children. She testified that she has no other income, and that she has only an eighth grade education. Furthermore, wife has no income producing property. On the other hand, the record reveals that husband's net income exceeds his monthly expenses, including maintenance and support payments. We find no abuse of discretion in the trial court's award of unlimited maintenance; the amount and duration of the award were clearly supported by substantial evidence.

■ Finally, husband contends that the award of $940 in attorney's fees to wife's attorney was "unwarranted and unsupported by the weight of the evidence." The amount awarded, based upon a fee of $65 an hour, was certainly reasonable, and in light of the previous discussion regarding the parties' financial situations was entirely warranted. We find no abuse of discretion in this award, and husband's point is without merit.

Judgment affirmed.

CRIST and GARY M. GAERTNER, JJ., concur.