Michael A. HARPER,
Plaintiff–Respondent,

v.

Shirley C. HARPER,
Defendant–Appellant.

Nos. 54573, 54738.

Missouri Court of Appeals,
Eastern District,
Division Five.

Jan. 10, 1989.

Rehearing Denied Feb. 15, 1989.

Suzanne R. Reinhold, John P. Lewis, Co–Counsel, St. Louis, for defendant-appellant.

Mark H. Neill, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Chief Judge.

This is an appeal from a decree of dissolution entered by the Honorable Evelyn M. Baker of the Circuit Court of the City of St. Louis.

Shirley C. Harper, appellant, and Michael A. Harper, respondent, were married on May 8, 1970 and separated in October of 1985. The couple also had one child, Laura A. Harper, born on January 2, 1972. Appellant raises seven points on appeal which will be addressed in turn. Appellant first contends that the trial court erred in only

awarding appellant $300.00 per month for twenty-four months because the evidence indicated that appellant was disabled and that there was no evidence indicating that appellant would be able to support herself in the future.

■ As a threshold matter, respondent contends that the amendments to § 452.335 RSMo (1988 Supp.), which became effective after the court's order, should be applied retrospectively and preclude our review of this issue. Prior to the amendments to § 452.335, an order of maintenance for a fixed period of time was treated the same as a lump sum award. Such an award was not subject to modification and reviewable only on appeal. Under the new law, the court may award maintenance which includes a termination date and subsequently modify the order if there is a substantial change in circumstances which occur prior to the termination date of the original order. § 452.335(3). Respondent claims that under the amendment to § 452.335 appellant should be seeking a modification of the order by the trial court rather than an appeal. We do not have to decide if the amendments to § 452.335 should be applied retrospectively. The proper relief under both statutes, when there is an allegation of trial error in the award of maintenance, is a review of the original judgment by appeal. A modification proceeding is not the proper forum for determining the validity of the original order nor is it used to relitigate issues that have already been before the trial court. In reviewing maintenance orders our review is limited to determining whether the trial court has abused its discretion. *Hahn v. Hahn*, 739 S.W.2d 763 (Mo App.1987).

■ Turning now to appellant's first point. Whether a decision to limit maintenance is appropriate depends upon whether substantial evidence existed at the time of the order to justify imposition of the limitation. *Doerflinger v. Doerflinger*, 646 S.W. 2d 798, 802 (Mo. banc, 1983). Maintenance of limited duration is proper only in circumstances where the record indicates to the trial court that there may be some impending change in the financial condition of the parties or at least a reasonable expectation that such a change will occur. *Willyard v. Willyard*, 719 S.W.2d 91, 93 (Mo.App.1986). Appellant was forty-nine at the time of trial, with a ninth grade education and a subsequent GED certificate. Appellant also possesses basic secretarial skills. Appellant has had numerous jobs but has never been able to maintain a job for more than a few months. Appellant has a manic depressive personality that has almost totally disabled her. Her depression has lead to crying spells, loss of sleep, and an attempted suicide. Appellant also suffers from high blood pressure and may require surgery to correct an eardrum ailment. Expert testimony indicated that appellant was nearly totally disabled and although a job may be beneficial to her, she would probably be unable to keep a job due to her depression. The record is totally lacking in any evidence which would indicate that appellant would be able to support herself in the future. We therefore find that the trial court erred in limiting maintenance to twenty-four months and modify the decree to provide for maintenance unless and until a proceeding for modification is brought and a change deemed appropriate under § 452.370.

■ Appellant's second contention is that the trial court erred in awarding her only $300.00 per month. In determining the amount of maintenance, the trial court must balance the reasonable needs of the spouse seeking maintenance against the husband's capacity to pay. *Woods v. Woods*, 713 S.W.2d 292 (Mo.App.1986). The record indicates that appellant's monthly expenses are approximately $1,000.00 per month. This amount greatly exceeds her monthly income of $300.00 that she would receive from the maintenance award. As previously noted, appellant is unable at this time to provide for herself and that her financial situation is unlikely to improve in the future. At the time of trial respondent was paying $340.00 per month in rent and approximately $155.00 per month for utilities to maintain appellant in the marital home for a total of approximately $500.00 per month. This

amount was in addition to respondent's own living expenses. After paying this amount respondent's monthly expenses exceeded his monthly income by approximately $200.00 per month. After a review of the record it is clear that the trial court carefully weighed the factors enumerated in § 452.335 and did not abuse its discretion in awarding $300.00 per month in maintenance to appellant.

■ Appellant's third contention is that the trial court erred in awarding her only twenty-five percent of respondent's monthly pension when such pension is payable to respondent and twenty-five percent of any lump sum paid to respondent as a retirement fund. At the time of the trial, respondent's pension had vested and he had a right to collect retirement benefits in the amounts of $1,049.58 per month until death and a lump sum payment of $23,433.37. Respondent's pension plan provides that if he continues his employment with the police department his retirement benefits will increase until such time as he chooses to retire. Respondent has contributed for a total of twenty-three years to his pension plan, six of those years preceded his marriage to appellant. Therefore, it is proper to consider seventy-four percent of the pension as marital property subject to division under § 452.330. *Weiss v. Weiss*, 702 S.W.2d 948 (Mo.App.1986). In reviewing a division of marital property an appellate court must give deference to the trial court's division of marital property and will interfere only if the division is so heavily and unduly weighted in favor of one spouse as to amount to an abuse of discretion. *Cartwright v. Cartwright*, 707 S.W.2d 469 (Mo.App.1986). The trial court awarded an amount equal to twenty-five percent of respondent's pension to appellant and an amount equal to seventy-five percent of the pension to respondent. Had the trial court divided the marital property portion of the pension equally appellant would have been entitled to thirty-seven percent of the pension and respondent would have been entitled to sixty-three percent of the pension. The trial court divided all of the other marital property equally between the couple. It is well settled that an equal division

is not mandatory. *Barker v. Barker*, 684 S.W.2d 497 (Mo.App.1984). However, in the case before us there is nothing in the record to indicate why an unequal distribution of the pension is justified. Therefore, we modify the trial court's decree to award appellant a sum equal to thirty-seven percent of the present value of respondent's monthly pension when such pension is payable and a sum equal to thirty-seven percent of the present value of any lump sum refund paid to respondent by his retirement plan.

■ Appellant's fourth point on appeal is that the trial court erred in ordering that the respondent be reimbursed from the proceeds of the sale of the real estate on Hanover for all payments made by him for said property from October 1, 1987 until the time of the sale and erred in ordering that the balance of the respondent's loan with the St. Louis Police Credit Union be paid from the proceeds of the sale of the Madison County, Missouri property. Appellant contends that the effect of the court's orders is that the respondent would receive more than fifty percent of the proceeds of the sale of each property and such order constitutes abuse of discretion because there was substantial evidence that the appellant was disabled and unable to work, so that she would need at least fifty percent of the proceeds of the sale of each property in order to meet her needs. Concerning the reimbursement of mortgage payments made from October 1, 1987 to the date of the sale, crediting these payments pending sale does not in itself constitute evidence of an abuse of discretion on the part of the trial court. *Bacon v. Bacon*, 670 S.W.2d 594 (Mo.App.1984). There is nothing else in the record to indicate that crediting the payments to respondent was not fair and equitable under all the evidence submitted to the trial court. *Id.*

■ Concerning the crediting of the loan with the St. Louis Police Credit Union we also find no abuse of discretion. The loan was used primarily for the purchase of the property in question. The division of marital property lies within the sound discretion

of the trial court and on review we defer to the trial court's judgment unless such judgment is improper under the principles of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), or constitute an abuse of discretion. *Burbes v. Burbes*, 739 S.W.2d 582, 585 (Mo.App.1987). Moreover, marital debts are factors to be considered in establishing a fair division of marital property. *Brisco v. Brisco*, 713 S.W.3d 586 (Mo.App. 1986). After reviewing the record we find no abuse of discretion on the part of the trial court in ordering the loan to be paid off from the proceeds of the sale of the property.

■ Appellant's fifth point is that the trial court erred in not requiring respondent to pay a debt owed to Sears. Debts incurred by the parties during the marriage are not marital property and the trial court is under no obligation to distribute marital debts. *Golleher v. Golleher*, 697 S.W.2d 547 (Mo.App.1985). As discussed in point four of this opinion, a determination of who will be responsible for debts incurred during marriage is a factor which the trial court must consider in seeking a fair division of marital property in a dissolution proceeding. *Brisco*, 713 S.W.2d at 592. All debts incurred, except a purchase of carpeting, were made after the parties separated and were for the sole benefit of the appellant. We can find no abuse of discretion in refusing to order respondent to pay the entire amount of the debt.

Appellant's sixth point on appeal is that the trial court erred in ordering that the appellant's visitation with and temporary custody of the minor child be conditioned upon appellant's obtaining counseling because there was no evidence to support the order. There is very little evidence in the record concerning the issue of custody of the couple's minor child. The only on record testimony concerning the custody of the child is testimony by the appellant that she wanted custody of the child and that if necessary she would be willing to seek counselling with the child in order to prove her ability to care for the child. Testimony by the child concerning her preferences for custody and her general impressions were held in the judge's chambers off the record and was not preserved for our review. Therefore, we are remanding the issue of custody of the couple's minor child to the trial court for further hearing.

Appellant's final contention is that the trial court erred in awarding appellant only $2,000.00 in attorney's fees when appellant's total attorney's fees were $2,531.50. The trial court is vested with broad discretion in awarding attorney's fees. *Balven v. Balven*, 734 S.W.2d 909, 915 (Mo.App. 1987). Moreover, the courts themselves are experts on the proper amount of attorney's fees. *Bathon v. Bathon*, 741 S.W.2d 100 (Mo.App.1987). Having reviewed the record, we find no abuse of discretion on the part of the trial court in awarding appellant only a part of her attorney's fees.

The judgment of the trial court is affirmed in part, reversed in part and reversed and remanded in part.

DOWD and CARL R. GAERTNER, JJ., concur.