Carol Annette ATWOOD,
Plaintiff-Appellant,

v.

William H. ATWOOD,
Defendant-Respondent.

No. 46454.

Missouri Court of Appeals,
Eastern District,
Division Six.

Jan. 31, 1984.

Susan M. Hais, Clayton, for plaintiff-appellant.

Daniel J. McMichael, Clayton, for defendant-respondent.

WELDON W. MOORE, Special Judge.

Appellant appeals from a judgment of dissolution of marriage. She attacks those portions of the decree which split the custody of the children and awarded her son to the respondent, his father; made no order awarding support to her for the daughter; made no award to her for attorney fees, and the order with respect to the family home.

The parties are the parents of two children, Melody Ann Atwood, who was born April 5, 1970, and Gregory Forrest Atwood, who was born March 21, 1972. The decree, which was entered on September 24, 1982, awarded custody of Melody to appellant and made no order for her support. Custody of Gregory was awarded to respondent. Each parent was awarded reasonable visitation rights with respect to the child in the custody of the other. In addition, each party was to have temporary custody of the child not in his or her custody on alternate weekends and each party was awarded four weeks temporary custody during the summer school vacation. Temporary custody provisions were arranged so that both children would be afforded the maximum amount of contact with each other. The children would be together each weekend and for eight weeks during the summer school vacation.

The decree did not allow attorney fees to appellant. It provided that appellant recover from respondent $52,000 which was a judgment lien on the marital home awarded to respondent but provided that execution of the judgment would be stayed for a two year period from the date of the decree. The stay of execution would be set aside on the happening of events which are not germane here.

■ Our review is governed by Supreme Court Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo.Sup.Ct. banc 1976). We must sustain the trial court's decree unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. We review the case on both the law and evidence and give due regard to the opportunity of the trial court to have judged the credibility of the witnesses.

■ Absent exceptional circumstances, the children of divorced parents should not be separated, but the trial court does have the power to decree separation if it is in accordance with the best interest of the children. *Cochenour v. Cochenour*, 642 S.W.2d 402 (Mo.App.1982); *Ray v. Ray*, 535 S.W.2d 267 (Mo.App.1976).

■ No useful purpose would be served by summarizing the lengthy transcript. The record supports a showing of exceptional circumstances and a showing that the best interests of the children would be served which justifies separate custody. Some of the factors supporting separate custody are: Respondent took great interest in both of his children, and Greg in particular; he did not ask for custody of Melody because she said she wanted to be with appellant; Greg is a very intelligent boy and respondent is more broadly educated than appellant; Greg is doing exceptionally well in school; he is regular in his attendance at school; he expressed a desire to all concerned that he wanted to live with respondent and told appellant in private during the trial of his desire; appellant's employment would keep her away from home from 6:00 a.m. to 6:00 p.m.; he has difficulty relating to his mother; he adores his father; he has a good relationship with respondent and his friends; he works with and is benefited by the activities he has with his father; neither child thinks it is important to live together; and to remove him from the environment of his neighbor-

hood and his school would be stressful to him.

The trial court's decision did not sever all ties between the children because they are to have the benefit of being with each other on each weekend and for eight weeks during the summer school vacation.

 Next, appellant contends that the trial court erred in refusing to award her any child support. Section 452.340 RSMO 1978 requires consideration of the financial resources of both parties in support matters. In determining the amount of child support, the trial court's determination will not be set aside unless there appears a clear abuse of discretion. *Fugate v. Fugate,* 510 S.W.2d 705 (Mo.App.1974). If the financial assets and income of both parties is well balanced, ordering one parent to pay child support to another may be unreasonable and hence an abuse of discretion. *Williams v. Williams,* 510 S.W.2d 452 (Mo.Sup.Ct. banc 1974). Here the income of the appellant was substantially more than that of respondent and there was no great disparity in other financial resources of the parties. We find no abuse of discretion by the trial judge for not awarding child support to the appellant in this case.

Next, appellant complains the court erred in failing to award her attorney fees. The trial court is vested with broad discretion in this regard, and only when that discretion is abused should its order be overturned. *Chastain v. Chastain,* 632 S.W.2d 291 (Mo.App.1982). Appellant showed no abuse of discretion.

Appellant's last complaint is that the court erred in allowing the respondent to keep the marital property intact for two years and awarding her a lien thereon to secure her judgment for $52,000 against respondent. The trial court has broad discretion in dividing marital property and we should not interfere unless an abuse of discretion appears. *In re Marriage of Galloway,* 547 S.W.2d 193 (Mo.App.1977). The burden of demonstrating error in the judgment below is on appellant. *Naeger v. Naeger,* 542 S.W.2d 344 (Mo.App.1976). We have carefully reviewed the record and find no error in the order of the trial court.

We find there is substantial evidence to support the judgment, it is not against the weight of the evidence, it does not erroneously declare or apply the law and shows no abuse of discretion, and is affirmed.

REINHARD, P.J., and DONALD B. CLARK, Special Judge, concur.