**Delores J. WHITMORE, Appellant,**

**v.**

**Earl D. WHITMORE, Respondent.**

**No. 51877.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 30, 1987.

KELLY, Judge.

Wife appeals from a dissolution decree contending that her award of maintenance of $125.00 per month was inadequate. We reverse and remand.

Husband and wife had been married for 23 years. There were two children born of the marriage, both of whom were emancipated at the time of the hearing.

The record reflects that the wife lacks any vocational training. Her formal education terminated when she finished high school. She worked as a bookkeeper at General Insurance Company on a full-time basis until 1957, when she became pregnant with her first child. She did not return to work, as she preferred to stay home with her daughter.

In 1984, during the period of separation from her husband, the wife was employed part-time as a resident manager of an apartment complex for which she received an apartment rent free, and an additional

---

$125.00 per month to pay for utilities. She left this position and moved in with her daughter. While living with her daughter, she contributed $300.00 per month for room and board. Thereafter, she was employed part-time as a bartender, earning approximately $150.00 per month. She testified that she received a total of $4,000.00 in 1985. Additionally, she testifed that after the parties' separation, the husband sent her approximately $400.00 per month, from which she could pay expenses. Pursuant to a court order, the husband was required to pay her $500.00 per month maintenance for the months of September through December. The record indicates that she has also received approximately $1,500.00 from her daughter, $400.00 from her mother, and $50.00 from her aunt. Additionally, she sold a ring, a necklace, and a watch for approximately $500.00. She testified that she needs $900.00 per month maintenance to allow her to live in the manner to which she became accustomed during the marriage.

The husband testified that he is president of Wesco, Inc., a company which he originally formed. He valued the company at $40,000.00. He owns 50% of the company's stock, valued at approximately $20,000.00. During the year of 1985, he was drawing $750.00 per week gross for an annual income of approximately $30,000.00. In 1986, due to a decline in business, his gross income decreased to approximately $9,000.00. He testified that he received an additional $50.00 to $100.00 every week from petty cash for expenses. His decision to cut back his salary was allegedly done at the suggestion of the company's accountant in order to keep the company from going out of business. He testified that his monthly expenses total $929.80.

Both parties filed an amended statement of property. Neither party disputes the trial court's determination that their marital property totalled $72,500.00.

The trial court entered a Decree of Dissolution dissolving the marriage of the parties, awarding the wife $125.00 per month maintenance terminating on her death or remarriage, and ordered the husband to pay the total attorneys' fees of the wife and costs of court. Additionally, the trial court awarded the wife the sum of $36,-250.00, which represented one-half of the marital property, at a rate of $400.00 per month at "judgment interest" in accordance with Missouri law on the unpaid balance until said sum is paid in full.

The wife's sole contention on appeal is that the trial court erred in awarding her only $125.00 per month maintenance because it requires her to consume her share of the marital property for living expenses.

The award of maintenance is governed by § 452.335 RSMo Cum.Supp.1984.[1] In determining the amount of maintenance, the trial court must balance the reasonable needs of the spouse seeking maintenance against the husband's capacity to pay. *Sawtell v. Sawtell,* 569 S.W.2d 286, 288 [5] (Mo.App.1978).

1. Under § 452.335, "... the court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance
  (1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and
  (2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.
  2. The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including:
  (1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;
  (2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
  (3) The standard of living established during the marriage;
  (4) The duration of the marriage;
  (5) The age, and the physical and emotional condition of the spouse seeking maintenance;
  (6) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;
  (7) The conduct of a party seeking maintenance during the marriage.

In the case at bar, the wife's estimated total monthly expenses are $983.83, while she earns only $150.00 a month. Husband points out that the wife now receives $125.00 per month for maintenance, $400.00 per month for her marital property award, and $150.00 per month through her employment, for a total of $675.00 per month. The husband contends that "the marital property apportioned appellant greatly enhanced her financial condition." Although the wife received $400.00 per month for her marital property award, the law is well-settled in Missouri that "a spouse is not required to dispose of her assets or consume marital property before she would be entitled to maintenance." *Johnson v. Johnson,* 671 S.W.2d 426, 428 [3] (Mo.App.1984): *Fausett v. Fausett,* 661 S.W.2d 614, 617 [3] (Mo.App.1983); *In re Marriage of Brewer,* 592 S.W.2d 529, 535 [13] (Mo.App.1979); *In re Marriage of Powers,* 527 S.W.2d 949, 955 [10] (Mo.App. 1975).

The husband attempts to distinguish the instant case, by arguing that the trial court awarded the wife her share of marital property *and* $125.00 per month for maintenance. Thus, he concludes that the wife is not required to consume or use up marital assets apportioned *before* being entitled to maintenance, because the court reasonably protected the wife's marital property award by requiring the husband to pay maintenance. We disagree.

The wife's minimal maintenance award of $125.00 per month, combined with her monthly income of $150.00, leaves her a total of $275.00 per month. In view of the other facts of this case, it is clear that the wife is not able to provide for her own support through appropriate employment. The record reflects that the wife was 55 years old at time of trial. All evidence indicates that her financial prospects will not improve dramatically in the future. We believe that the evidence here shows that the wife does not have sufficient assets to provide for her needs without soon consuming her marital property.

The final factor to be considered is the ability of the husband to provide for his needs and those of the wife. "A husband's present and *past* earnings are evidence of such capacity." (emphasis added). *In re Marriage of Vanet,* 544 S.W.2d 236, 242 [6] (Mo.App.1976). At trial, the husband testified that his monthly draw from the company in which he owns 50% of the outstanding stock is $750.00. He also received $50.00 to $100.00 per week as expense money from petty cash. We also must consider the husband's past earnings, and note from the record a gross income of $30,000.00 in 1985. It is readily apparent that the husband controls his salary at Wesco, Inc. Based upon his past income, we conclude there is sufficient evidence in the record to establish his ability to pay an increased amount of maintenance in order to meet the wife's needs.

The cause is reversed and remanded to the trial court on the issue of maintenance only. In all other respects, the judgment is affirmed. Costs of this proceeding are taxed against the husband.

SATZ, P.J., and CRIST, J., concur.