**Richard MUELLER,**
**Petitioner/Appellant/Cross–Respondent,**

v.

**Nancy E. MUELLER,**
**Respondent/Respondent/Cross–Appellant.**

**Nos. 55690, 55691.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 9, 1990.

Charles P. Todt, Clayton, John Bleckman, St. Louis, for petitioner/appellant/cross-respondent.

Thomas J. Frawley, Lawrence G. Gillespie, St. Louis, for respondent/respondent/cross-appellant.

CARL R. GAERTNER, Judge.

In this dissolution of marriage action both parties have appealed, challenging certain of the financial provisions of the decree.

On November 9, 1963, husband and wife married. From this union, three children were born: Richard, August 27, 1965; Daniel, March 25, 1969; and Ryan, September 27, 1979. Over the years, the couple's marriage encountered some difficulties, and by June, 1986, husband became involved in an adulterous relationship. Because of their continuing troubles, husband and wife separated on August 6, 1986. Soon afterwards, husband filed a Petition for Dissolution of Marriage alleging, in part, that their marriage was irretrievably broken. Wife filed an answer to husband's petition in October, 1986, but did not admit that their bond was irretrievably broken until more than a year later.

On October 14, 1988, the trial court issued an amended Decree of Dissolution granting wife custody of the couple's two minor children and awarding wife property valued at $76,877. This decree provided for wife to receive $700 per month in unallocated child support and $350 per month in statutory maintenance. The trial court awarded husband marital property valued at $93,808 and ordered husband to pay a one-time cash payment of $12,000 to wife and $5,000 to wife's attorneys. Additionally, various marital debts were allocated to husband. This appeal and cross appeal followed. We affirm.

The trial court's decree of dissolution must be affirmed if the judgment is supported by substantial evidence, is not against the weight of the evidence, and neither erroneously declares nor applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Furthermore, the trial court is vested with considerable discretion to divide marital property; an appellate court should only interfere if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *In re Marriage of DeFrates*, 711 S.W.2d 555, 556 (Mo.App. 1986).

In his first point, husband claims that the trial court erred in its division of marital property and allocation of marital debt. Based upon his own calculations, husband concludes that after the $12,000 cash payment to wife and his payment of the marital debts allocated to him, he is left with 42 percent of the marital property. He argues this disproportion reflects a punishment for his adulterous conduct. Citing *D'Aquila v. D'Aquila*, 715 S.W.2d 318, 320 (Mo.App.1986), he charges the trial court with improper "judicial censure" stemming from "inordinate focus on a particular incident or series of incidents" in a marriage of long duration. He is particularly upset

over what he characterizes as the inconsistent trial court finding that wife "behaved in such a manner that [husband] cannot reasonably be expected to live with her, though such behavior does not warrant a disproportionate division of marital property," but that his adulterous relationship, which "pre-existed the parties' separation and began at a time when the parties' marriage was not otherwise irretrievably broken," did warrant a disproportionate division.

■ We perceive no need to undertake a detailed recitation of the evidence in an effort to show the reasonableness, vel non, of the trial court's conclusion. Our concern is the propriety of the result reached by the trial court, not the route by which it was reached. *Salcedo v. Salcedo*, 693 S.W.2d 875, 877 (Mo.App.1985); *Nedblake v. Nedblake*, 682 S.W.2d 852, 855 (Mo.App. 1984). The determination made by the trial court is justified by any one or a combination of a number of well-established principles which serve to guide us and trial judges in the division of marital property. "[T]he desirability of awarding the family home to a wife with a low-paying job and custody of minor children can create a situation where equity requires that the wife receive the bulk of the marital assets." *Burbes v. Burbes*, 739 S.W.2d 582, 585 (Mo.App.1987). This maxim is particularly appropriate in cases such as this where the marital residence is by far the largest single marital asset.

The economic circumstances of the parties, § 452.330.1(3) RSMo.1986, which include each party's individual capacity to work and to earn, should be considered. *Mika v. Mika*, 728 S.W.2d 280, 283 (Mo. App.1987). Wife has worked off and on during the marriage, primarily as a receptionist. During 1987, she was paid $5.00 per hour for a 24 hour work week. She has a high school education but no particular job skills. Husband has been employed by Union Electric for over 20 years. He has worked up to a position of construction superintendent with a 1987 income of $62,327.

The balance between income and non-income producing property is an important factor. *Divine v. Divine*, 752 S.W.2d 76, 79 (Mo.App.1988). Wife was awarded three IRA accounts in her name with a total value $1,703.13, plus the house encumbered with a mortgage she is to pay, two cars and household furnishings. Husband was awarded 352 shares of Union Electric Stock, his vested pension with present value of $28,000, funds in a Union Electric savings plan valued $13,379, his Union Electric Employee's Stock Ownership Plan valued at $31,747, an annuity valued at $5,631 and IRAs valued at $5,963. Obviously, the assets awarded to wife have a potential for depreciation and expense; those to the husband, income and appreciation. Of course, misconduct imposing a burden or hardship on the other party should be considered. § 452.330.1(4) RSMo.1986; *Mika v. Mika*, 728 S.W.2d at 284. However, in this case, there is ample support and justification for the trial court's division of property even if we disregard the complained of finding which seems to be nothing more than the court's conclusion that husband's infidelity, after a marriage in which neither spouse was perfect, was the proverbial straw that broke the camel's back.

■ Husband next challenges the trial court's order of $700 per month in unallocated support for the parties' two minor children. Husband contends that the trial court erred in awarding unallocated child support since Daniel, at age 19, is on the verge of emancipation.

The trial court has considerable discretion in setting awards of child support. This court will not substitute its judgment for that of the trial court's absent a manifest abuse of discretion, *Wise v. Crawford*, 695 S.W.2d 487, 491 (Mo.App.1985), and we find no such abuse here. Neither the statute nor case law requires allocation of child support. Although Daniel was approaching his high school graduation at the time of trial, there was not, nor could there be, any certainty regarding what future educational or vocational endeavors he may undertake, thereby extending husband's

obligation for support. § 452.340.5 RSMo. Cum.Supp.1988. In the event Daniel does not pursue further education or training, modification is available to prevent any undue hardship to husband.

■ In his final point, husband challenges the trial court's award to wife of periodic maintenance of unlimited duration. Husband believes that an award of rehabilitative maintenance is sufficient since wife can be expected to become self-supporting.

■ The trial court has broad discretion in determining the duration of maintenance. This court will only interfere where the award is improper or an abuse of discretion. *Hanson v. Hanson*, 738 S.W.2d 429, 438 (Mo. banc 1987). Limited maintenance is only appropriate where substantial evidence exists that wife will or should become self-sustaining. *Burrus v. Burrus*, 754 S.W.2d 882, 885 (Mo.App.1988). Here, the trial court awarded $350 in periodic maintenance of unlimited duration after concluding that wife is not able to support herself through appropriate employment.

The record shows that over the last fifteen years of their marriage, wife has worked on a part-time basis for eight years. Her marketable skills are modest; her prospects for improvement or advancement are speculative. Wife's major asset consists of the marital residence still encumbered with a mortgage. The record before us does not demonstrate with any degree of certainty when wife might obtain the earning capacity necessary to meet her reasonable economic needs. Neither we nor the trial court may speculate on what the future might justify; rather, such a determination should be made in a proceeding for modification of the award upon a showing of changed circumstances. *Burrus v. Burrus*, 754 S.W.2d 882, 885–886 (Mo.App.1988). Accordingly, the trial court committed no error in awarding wife maintenance of unlimited duration.

■ Wife's only point on appeal alleges trial court error in amending the award of child support. Wife argues that the amended decree, both reducing the amount of child support and ordering husband to maintain health and dental insurance for the two minor children, constitutes an abuse of discretion. The trial court reduced monthly child support from $760 to $700 and ordered husband to maintain the insurance for the minor children, which will only cost him an additional $3.43 per month. Wife requests restoration of the original child support award while keeping the amended decree's order for husband to maintain health and dental insurance for the minor children.

We have not been presented with any record of what evidence or argument may have been submitted to the trial court in order to bring about this amendment of the original decree. Nevertheless, it seems obvious that while the cost of adding the children to the medical and dental insurance furnished to husband by his employment is relatively small, the benefit to wife and to the children is substantial. We find no abuse of the trial court's discretion in balancing the children's needs and husband's ability to pay by giving husband a monetary benefit in return for his furnishing a basic need of the children.

■ In reality, wife's appeal is an attack upon the order of child support as not falling within the Missouri Child Support Guidelines, 735–36 S.W.2d XLVI (Missouri cases). The 85th General Assembly of Missouri amended § 452.340 in 1989 by adding a provision calling upon the Supreme Court to adopt, no later than October 13, 1989, a rule pertaining to child support guidelines which would constitute a rebuttable presumption of correctness to an award of child support conforming thereto. Further, the amendment provides for rebuttal of the presumption by a specific finding on the record that application of the guidelines in a particular case would be unjust or inappropriate. Vernon's Missouri Legislative Service, No. 5, September, 1989, p. 1238. Pursuant thereto, the Missouri Supreme Court on October 2, 1989, adopted Rule 88.01, *Presumed Child Support Amount.* This rule conforms to the statute and provides for the presumption of correctness to be rebutted by a written finding or a spe-

cific finding on the record that the amount calculated pursuant to the guidelines is unjust or inappropriate in a particular case.

We refuse to reverse the trial court's judgment merely because of failure to make a specific finding which was not required by statute or rule until more than a year after the entry of judgment.

The judgment of the trial court is affirmed.

HAMILTON, P.J., and STEPHAN, J., concur.