Cleo B. WHITWORTH, Appellant,

v.

William E. WHITWORTH, Respondent.

No. WD 43313.

Missouri Court of Appeals,
Western District.

April 2, 1991.

James Kelso Journey, Clinton, for appellant.

George R. Lilleston, Clinton, for respondent.

Before SHANGLER, P.J., and KENNEDY and FENNER, JJ.

FENNER, Judge.

This appeal arises from an order dissolving the marriage of Cleo B. and William E. Whitworth. Cleo Whitworth appeals the portions of the order pertaining to the division of property, award of limited maintenance and the denial of attorney's fees.

The parties were married on June 9, 1950, separated in February, 1987, and the marriage was dissolved by judgment entered April 2, 1990. The two children born of the marriage are both emancipated. At the time of trial, Cleo Whitworth was 59 years of age and William Whitworth was 60. Both parties are high school graduates.

During the course of the marriage Cleo Whitworth worked in various clerk type occupations, including that of telephone operator, receptionist, filing and sales clerk and for William Whitworth in his insurance agency, where she worked for the last 14 of the 16 years of marriage. She has not worked since November, 1987, when she worked for William Whitworth. Cleo Whitworth indicated that she was paid no salary for her work at the agency from 1973 to June, 1986, when she began drawing a salary of $300.00 per month. From November, 1987, until the time of trial, William Whitworth paid all of Cleo Whitworth's expenses.

Additionally, Cleo Whitworth complains of health problems. At the time of trial, she had contracted a viral infection in her left eye, which flares up from time to time and which was being treated with eye drops. She also has a cataract in her left eye which causes blurred vision. Her eye condition causes reading difficulty after approximately 30 minutes of reading. Cleo Whitworth also complains of muscle spasms in her back which occur from time to time and which can be treated by hot packs or medication. She has gall stones and has been treated for breast fibrosis. According to Cleo Whitworth, she also suffered from depression for which she had been taking medication.

William Whitworth has been an insurance agent with State Farm Insurance Company since about 1965. By 1972 his annual earnings were approximately $12,500.00 and by 1986 his earnings were in the $65,000.00 to $66,000.00 range. He earned $67,000.00 in 1987, $67,132.00 in 1988, and $71,898.00 in 1989. According to his manager, he can expect a 4½% annual increase in his business over the next few years. If William Whitworth were to suffer a wage garnishment or file bankruptcy, he would be terminated from his employment with State Farm. William Whitworth intends to retire at age 65. At the time of his retirement, he will be entitled to 20% of any future renewal premiums each year for a five year period and 15% thereafter.

With regard to the standard of living during the marriage, neither party owned any separate property of significance at the time of the marriage. As indicated by the record and evidenced by the findings of the trial court, there was more debt incurred than property acquired over the course of the marriage.

The trial court placed a value of $101,420.00 on the marital property and $136,279.53 on the debts. Cleo Whitworth was awarded marital property valued at $10,915.00, which included her personal items, various household items and an automobile, free of debt. William Whitworth was awarded all other marital property, including the marital home and real estate, as well as the remaining debt of $136,279.53. In an amended order, William Whitworth was awarded all future renewal premiums from his business.

The trial court awarded Cleo Whitworth maintenance for a limited duration. William Whitworth was ordered to pay $650.00 per month until Cleo Whitworth is age 62 and $350.00 each month until he is age 65.

In point one, Cleo Whitworth challenges the trial court's award of maintenance for

a limited duration. She argues, in substance, that the trial court abused its discretion because said maintenance award was contrary to the evidence and contrary to the court's findings of fact. She cites to the case of *Mueller v. Mueller*, 782 S.W.2d 445, 448 (Mo.App.1990), for the proposition that limited maintenance is only appropriate where substantial evidence exists that the recipient will or should become self-sustaining.

■■■■ The trial court has broad discretion in determining both the amount and duration of maintenance. *Hanson v. Hanson*, 738 S.W.2d 429, 438 (Mo. banc 1987). It is improper for this court to interfere unless the award is improper or there is an abuse of discretion. *Id.* " '[A] decision to limit maintenance is justified only where substantial evidence exists of an impending change in the financial condition of the parties.' " At a minimum, there must be substantial evidence to support a reasonable expectation that such a change will occur. Maintenance should not be prospectively terminated if there is no evidence or reasonable expectation that the circumstances of the parties will be markedly different in the future. *May v. May*, 801 S.W.2d 728, 731 (Mo.App.1990). (citations omitted).

■■ Neither an appellate court or a trial court may speculate on what the future might justify; rather such a determination should be made in a proceeding for modification of the award upon a showing of changed circumstances. *Mueller*, 782 S.W.2d at 448.

■■ Section 452.335, RSMo Supp.1990, allows the trial court to award maintenance, provided it is found that the spouse seeking maintenance lacks sufficient property to provide for his or her reasonable needs and is unable to be self-supportive through appropriate employment. Subsection 2 of § 452.335, RSMo Supp.1990 directs that the amount and duration of maintenance shall be as the trial court deems just and lists various factors to consider in making such determination. Those factors include in pertinent part:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(3) The comparative earning capacity of each spouse;

(4) The standard of living established during the marriage;

(5) The obligations and assets, including the marital property apportioned to him and the separate property of each party;

(6) The duration of the marriage;

(7) The age, and the physical and emotional condition of the spouse seeking maintenance;

(8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;

Initially, the trial court found that Cleo Whitworth lacked sufficient property to provide for her reasonable needs. The trial court found the issue of whether she would be able to support herself through employment to be an open question, noting her statement that she has not " 'felt like seeking any employment since the separation' " and noting that she had not worked since November of 1987. In finding an award of maintenance appropriate, the trial court doubted whether Cleo Whitworth was suffering from any real physical disability which prevents work, but found that she suffered from depression, recognizing that to be equally debilitating. The trial court found that because of her depression it was a fair conclusion that she was unable to support herself through employment especially in light of other factors such as age, geographic location and training.

As for the amount of the award the trial court considered the fact that Cleo Whitworth is 59 years of age and not apt to gain any significant employment ever

again. Nonetheless, the trial court noted that "her standard of living during the marriage has not been lavish and therefor [sic] neither should it be now." The trial court found that at least $750.00 per month would be required for Cleo Whitworth to subsist, that she desires more than this amount and if it were available she might have it. However, the trial court found William Whitworth would not have the funds to supply said amount.

The trial court further found that William Whitworth could be expected to earn over $70,000.00 in the next few years, but that $20,000.00 per year would be needed in order to retire the debts assigned to him before his retirement and an additional $20,000.00 per year for taxes.

■ The record fails to support a finding that a change will occur in the future. This is particularly apparent in light of the fact that Cleo Whitworth's ability to support herself is speculative and as the trial court found to be "an open question." The trial court also found, as the record supports, that because of her depression it was a fair conclusion that Cleo Whitworth was unable to support herself through employment especially in light of other facts such as age, geographic location and training.

While requiring William Whitworth to pay more maintenance for an unlimited time imposes a financial burden on an already debt burdened spouse, there can be no doubt that " 'marriage dissolutions normally cause many more financial problems for the parties than are solved.' " *In re Marriage of Hall*, 801 S.W.2d 471, 473 (Mo.App.1990).

Because an award of limited maintenance is only appropriate where there exists substantial evidence that the recipient should or will become self sustaining and because the future of Cleo Whitworth is speculative, a determination would best be made in a proceeding for modification. *Mueller*, 782 S.W.2d at 448. Therefore, the award of limited maintenance is hereby reversed along with the portion of the judgment

making it non-modifiable. The portion of the award of $650.00 per month to Cleo Whitworth until she is 62 is affirmed. The award of $350.00 each month thereafter is to continue for an unlimited duration, subject to modification by court order upon proper motion and evidence.[1]

■ In point two, Cleo Whitworth takes issue with the amount of maintenance, basically claiming it to be too low in light of the evidence. Once again, the trial court has broad discretion in determining the amount of maintenance. *Hanson*, 738 S.W.2d at 438. A spouse's ability to pay is a factor to be considered in fixing the amount of maintenance. Section 452.335.-2(8), RSMo Supp.1990; *Reeves v. Reeves*, 768 S.W.2d 649, 651 (Mo.App.1989).

■ It is unnecessary to again detail the findings made by the trial court in regard to the amount and duration of maintenance. Suffice it to say that the trial court properly considered all relevant factors in setting the amount of maintenance. Point one is referred to with respect to the facts. Again, the result is as equitable as can be expected under the circumstances. There was no abuse of discretion. Point two is denied.

In point three, Cleo Whitworth argues that the trial court erred in awarding William Whitworth all future renewal premium earnings from his State Farm Insurance Agency. She alleges error in that the trial court made no finding as to the marital or non-marital nature of the property which she claims to be retirement income and therefore marital.

At trial, Rod Richey, an insurance manager with State Farm testified that upon retirement, an agent with the company would receive 20% of his previous gross income, based upon business generated during the last year prior to termination. After five years that amount is reduced to 15%. Mr. Richey also testified that William Whitworth has had an increase in business of approximately 4½% per year since he

---

1. The reduction of maintenance to $350.00 each month after appellant reaches age 62 is justified under the evidence herein in light of the factors to be considered under § 452.335.2, RSMo Supp.1990.

has been affiliated with the district which Mr. Richey manages.

In an Addendum to Judgment, dated April 30, 1990, the trial court acknowledged that it had failed to consider the apportionment of renewal premium earnings. The trial court amended the judgment, awarding to William Whitworth all future renewal premiums.

The original order set aside only an antique 35 gallon copper kettle, with a six foot wooden paddle to William Whitworth as his separate property. The remainder of the property was found to be marital. The award of renewal premiums, pursuant to the Addendum, became part of the original judgment which declared all other property to be marital. Thus, for purposes of this appeal, the renewal premiums are considered marital property.

 A division of marital assets need not be equal but only fair and equitable, pursuant to § 452.330, RSMo 1986. *D'Aquila v. D'Aquila,* 715 S.W.2d 318, 320 (Mo.App.1986). Again, this court must give deference to the trial court's division of marital property and will interfere only if the division is so heavily and unduly weighted in favor of one spouse that it amounts to an abuse of discretion. *Harper v. Harper,* 764 S.W.2d 480, 482 (Mo.App. 1989). Further, marital debts are factors to be considered in establishing a fair division of marital property. *Id.* at 483.

Upon his retirement, William Whitworth will receive 20% of his renewal premiums, calculated by the year prior to retirement, for a period of five years. What this amount will be is speculative, at best. Additionally, William Whitworth was awarded all marital debt totalling approximately $136,000.00. Cleo Whitworth was awarded marital property, debt free, valued at $10,915.00. If anything, awarding the renewal premiums to William Whitworth came closer to a fair and equitable distribution than that which existed prior to said award. No abuse of discretion is found. Point three is denied.

In her final point, Cleo Whitworth claims that the trial court erred in denying her request for attorney fees.

It is a well settled rule of law that the trial court has broad discretion in ordering payment of attorney fees. *Atwood v. Atwood,* 664 S.W.2d 673, 675 (Mo.App. 1984). The award is reviewable only for an abuse of discretion. *Id.*

The record refutes Cleo Whitworth's claim that she was prevented from presenting evidence of legal fees incurred in a previously dismissed dissolution proceeding and even if she were correct, the trial court observed that neither party had the funds to pay legal fees. No abuse of discretion lies in the trial court's failure to award Cleo Whitworth attorney fees. Point four is denied.

Because of the disposition of point one, the cause must be remanded to the trial court for modification in accordance with this opinion. In all other respects, the judgment is affirmed.

All concur.