In re the MARRIAGE OF Patricia Mae TORIX and Glen Edward Torix.

Patricia Mae TORIX, Petitioner–
Appellant,

v.

Glen Edward TORIX, Respondent–
Respondent.

No. 17904.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 29, 1993.

M. Roger Carlin, Evenson, Carlin & Le-Page, Pineville, for petitioner-appellant.

Phillip A. Glades, P.C., Phillip A. Glades, Anita K. Oakes, Joplin, for respondent-respondent.

GARRISON, Judge.

This is an appeal by Patricia Torix (Wife) from a judgment dissolving her marriage to Glen Torix (Husband), dividing their marital property, and awarding her maintenance.

The parties were married in 1964 when Wife was fourteen years old and was in the seventh grade. Husband was then seventeen and had an eighth grade education. At the time of their marriage, the parties had virtually no assets and initially received welfare. Early in the marriage, Wife worked at two garment factories and later in a bakery,

which she quit in 1976 to be with their son.[1] Husband worked at various jobs until 1976, when they established the business known as Glen's Diesel. Wife later worked in the office of that business answering the phone, doing clerical work and getting parts until approximately 1981. At that time they took a partner into the business and Wife stayed with their son full time. She was not thereafter employed outside the home.

Later, they started Torix Trucking, which primarily leases trucks to other trucking companies. They also became involved in the ownership of a truck sales business known as TW Trucks. The businesses were successful, and over the years they accumulated substantial assets and began enjoying an expensive lifestyle.

The parties' separation in September 1988 was followed by the filing of Wife's petition for dissolution of marriage the following January. Pursuant to Wife's motion, she was awarded temporary maintenance of $2500 per month. Wife obtained her GED in 1990 but was not employed prior to trial. Trial commenced in April 1991 and continued on various dates until concluded in August 1991.

The trial court divided the marital property as follows: Wife was awarded marital assets which the court found totaled $498,913 but which were subject to encumbrances of $150,200, which she was ordered to pay, leaving a net award of $348,713; and Husband was awarded marital property valued at $707,858 but was ordered to pay indebtedness totaling $388,909 (including $260,000 owed to the IRS for back taxes), resulting in a net award of $318,949. Included in the marital property awarded to Husband was their one-half interest in Glen's Diesel; their one-fourth interest in TW Trucks; and their 100% ownership in Glen Torix Trucking. The trial court also awarded Wife mainte-

nance in the amount of $1000 per month. Wife appeals the division of property and award of maintenance.

■ Appellate review of a court-tried case is governed by Rule 73.01.[2] Accordingly, the decree or judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Mistler v. Mistler*, 816 S.W.2d 241, 245 (Mo.App.1991). In addition, the evidence is viewed in the light most favorable to the decree, disregarding contrary evidence. *Pratt v. Pratt*, 813 S.W.2d 389, 390 (Mo.App.1991).

In her first point on this appeal, Wife contends the trial court abused its discretion in dividing the marital property. Her objection is directed to the amount of property awarded to her and the fact that the primary income producing property was awarded to Husband. She does not, however, contest the trial court's findings as to the valuation of the assets divided.

■ Husband contends that Wife waived any right to complain about the property distribution by reason of her sale and disposal, after judgment, of approximately $280,000 worth of assets. Husband argues that under *In re Marriage of Vinson*, 839 S.W.2d 38 (Mo.App.1992), and *Warren v. Warren*, 601 S.W.2d 683 (Mo.App.1980), by disposing of a significant portion of the marital property set aside to her, Wife accepted the benefits of the distribution of marital property and is therefore foreclosed from pursuing this appeal on that issue.[3] The legal file in this case, however, does not contain evidence that Wife disposed of any assets.[4] Therefore, we

1. Their only child was a son born in 1966 with a congenital heart defect which subsequently caused his death in 1984.

2. All references to rules are to Missouri Rules of Court, V.A.M.R.

3. In dissolution cases, the general rule regarding acquiescence in judgments by accepting the benefits is not strictly followed but is determined on a case-by-case basis. *See Smith v. Smith*, 702

S.W.2d 505, 506 (Mo.App.1985), and *Hicks v. Hicks*, 859 S.W.2d 842, 845 (Mo.App.1993).

4. Wife's attorney presented for filing a Supplemental Legal File consisting of copies of two warranty deeds executed by Wife conveying various property to third parties, as well as Wife's power of attorney authorizing Husband to sign her name to the titles to four vehicles distributed to her. The Supplemental Legal File was not filed, however, because it did not contain the

are unable to decide whether Wife has waived the right to appeal any portion of the judgment entered in this case and will decide the issue presented by Wife on the merits.

Wife's objection to the division of marital property is primarily centered around her argument that the trial court should have considered the nature of the property being divided and should have awarded her either some of the primary income producing property or a greater share of the other marital assets because her earning potential, as opposed to Husband's, is limited, and the mortgage obligations on the property she received exceeds her expected income, thereby requiring her to liquidate some of the property.

■■■ Section 452.330 [5] requires the trial court to consider "all relevant factors" in dividing marital property including:

(1) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) The value of the nonmarital property set apart to each spouse;

(4) The conduct of the parties during the marriage; and

(5) Custodial arrangements for minor children.

The matter of division of marital property is within the sound discretion of the trial court. *Bixler v. Bixler*, 810 S.W.2d 95, 100 (Mo.App. 1991). The specifically enumerated factors listed in § 452.330 are not exclusive and the trial court has great flexibility and far-reaching power in dividing the marital property so as to accommodate the needs of the parties, there being no formula concerning the weight to be given the relevant factors which a court may consider. *In re Marriage of Harrison*, 657 S.W.2d 366, 370 (Mo.App.

1983). Divisions of property must be equitable, not necessarily equal. *May v. May*, 801 S.W.2d 728, 733 (Mo.App.1990).

Wife argues that the properties awarded to her carry a monthly mortgage obligation of more than $3000, that none of those assets were income producing "to an extent that the asset produced income sufficient to discharge the obligation against it," and she has limited earning potential. In contrast, she points to the fact that Husband was awarded the three businesses which had produced the income which permitted accumulation of all the other assets. Because of these factors, Wife argues that the trial court should have awarded her more of the remaining marital assets. She cites *Mueller v. Mueller*, 782 S.W.2d 445 (Mo.App.1990), and *Mika v. Mika*, 728 S.W.2d 280 (Mo.App.1987), for the proposition that the trial court should consider the economic circumstances of the parties, including each party's individual capacity to work and earn. This argument is based upon the premise that the trial court should have, but did not, consider and believe Wife's contention that she was not employable, had no job skills, and had no probability of future employment.

■■ The evidence was that Wife had obtained her GED, was considering furthering her education, and had some general work experience, in addition to some experience working in the office of the family business. Although this evidence did not indicate she had an earning potential which was equivalent to Husband's, it, together with evidence of her good health, indicated Wife was capable of holding some form of employment. The trial court did note, however, that in the three and one-half years since the parties separated, Wife had not been employed and had applied for employment at only two locations. The trial court obviously did consider the earning potential of both parties.

■■ Wife also contends that the division of property should have included a balance between the income and non-income producing property. *Divine v. Divine*, 752 S.W.2d 76, 79 (Mo.App.1988), and *Mika v. Mika*, 728

required certificate and was not presented in proper form.

5. All references to statutes are to RSMo 1986, V.A.M.S.

S.W.2d at 284, both indicate that the balance between income and non-income producing property is a factor which should be considered by the trial court. *See also Mueller v. Mueller*, 782 S.W.2d at 447, and *May v. May*, 801 S.W.2d at 734. It is, however, merely one of many factors to be considered and does not require the distribution of a disproportionate share of other marital property. *Bixler v. Bixler*, 810 S.W.2d at 100.

■ In the instant case, the primary income producing assets were the businesses which were being operated by Husband. There was evidence from which the trial court could conclude that the success of the businesses, and especially Torix Trucking, resulted in large measure from Husband's friendship with executives of companies with whom he did business and would not exist if the businesses were owned or operated by someone else. Division of marital property which is nearly even, with the income producing property going to one of the parties, has been approved as being within the trial court's discretion. *Rapp v. Rapp*, 789 S.W.2d 148, 152 (Mo.App.1990). In addition, Husband was ordered to pay a federal income tax liability of approximately $260,000 and a state tax liability of approximately $15,000. Marital debts are factors to be considered in establishing a fair division of marital property. *Whitworth v. Whitworth*, 806 S.W.2d 145, 150 (Mo.App.1991).

■ Wife argues that she will be required to sell marital assets distributed to her because she does not have the ability to satisfy the encumbrances against that property. She contends that this result is in conflict with the concept that division of marital property is the primary means of providing for the future financial needs of the spouse with the ultimate goal being to place that spouse in an independent, self-sufficient status. She cites *Fausett v. Fausett*, 661 S.W.2d 614 (Mo.App.1983), and *Whitmore v. Whitmore*, 732 S.W.2d 572 (Mo.App.1987), in support. Both of these cases stand for the proposition that a spouse is not required to dispose of assets or consume marital property before she is entitled to receive maintenance. They do not stand for the proposition that a spouse is entitled to receive sufficient income producing marital property to maintain the encumbrances on marital property otherwise distributed to her. While the goal of a dissolution decree is to place each of the former spouses in an independent self-sufficient status, *Fausett v. Fausett*, 661 S.W.2d at 618, that is not always required for the decree to withstand judicial scrutiny. *See Tucker v. Tucker*, 778 S.W.2d 309, 312–313 (Mo.App.1989).

Finally, Wife contends that the trial court improperly divided the marital property by merely totaling the gross amount of the assets, deducting the indebtedness, and attempting to divide them in an equal manner based on a percentage, without considering the nature and extent of the individual items of property being divided. This argument emphasizes the dilemma faced by the trial court in the instant case. Awarding Wife more of the non-income producing property, much of which was also encumbered, would not have eased Wife's burden in attempting to maintain the other property awarded to her. The trial court was well within its discretion in awarding the three businesses, which were the primary income producing assets, to Husband. As is often the case, Wife, if she is unable to maintain the debt service on the property awarded to her, may need to sell some or all of that property, convert it to cash, and thereby create an income producing asset.

■ A judgment dividing marital property is presumed to be correct and, on appeal, the party challenging that division has the burden of overcoming the presumption. *Bixler v. Bixler*, 810 S.W.2d at 100. An appellate court will interfere only if the division of property is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *In re Marriage of Gourley*, 811 S.W.2d 13, 20 (Mo.App.1991); *Rapp v. Rapp*, 789 S.W.2d at 152; *Cartwright v. Cartwright*, 707 S.W.2d 469, 474 (Mo.App.1986). In the instant case, we do not find that the trial court abused its discretion in dividing the marital property and debts. Point I is, therefore, denied.

In Point II, Wife alleges that the trial court abused its discretion in awarding her

only $1000 per month as periodic maintenance. She argues that the amount is inadequate based upon her prior standard of living, her educational background, her employment history, the fact that the marital assets distributed to her were not income producing, the relative earning capacity of her and her husband, the comparative income productivity of the property set aside to Husband, the extent of obligations and debts upon the property awarded to Wife, and the fact that Husband had the ability to pay a larger award.

In the instant case, the trial court did find that Wife lacked sufficient property, including marital property apportioned to her, to provide for her reasonable needs and that she was unable to support herself through appropriate employment. Pursuant to § 452.335, this authorized the trial court to enter an award of maintenance in such amounts as the court deemed just after considering all relevant factors, including those particularly enumerated in the statute.

Wife points out that according to evidence presented by her, her monthly expenses are approximately $3750; the additional monthly expense required to service the debt on the marital assets distributed to her is approximately $3000; she has no income from employment; and rental income on the properties distributed to her is less than the amount of the payments. She also points out that she was previously receiving $2500 per month as temporary maintenance, pursuant to the trial court's order, which was insufficient to meet her monthly needs. She contrasts this with evidence that for the first six months of 1991, net taxable income of the trucking company, which was distributed to Husband, was approximately $250,000. Husband's evidence was that, after paying all expenses, only about $49,000 was realized from the trucking company during the same six-month period. Other evidence indicated the trucking company had been producing an average annual net income of approximately $200,000.

 We agree with Wife's argument that she should not be required to dispose of her assets or consume marital property before being entitled to maintenance. *See Whit-*

*more v. Whitmore,* 732 S.W.2d at 574, and *Fausett v. Fausett,* 661 S.W.2d at 617. Wife's argument that the trial court should have but did not award sufficient maintenance so as to enable her to discharge the encumbrances upon the marital property awarded to her without disposing of it is, however, misplaced. Creating a future estate or preserving marital property intact under the guise of "maintenance" is contrary to the meaning or purpose of that term. *Fausett v. Fausett,* 661 S.W.2d at 618.

 A spouse has an affirmative duty after a marriage is dissolved to seek adequate employment in an effort to become self-supporting as soon as possible. *Eckstein v. Eckstein,* 748 S.W.2d 945, 947 (Mo.App. 1988); *Newman v. Newman,* 717 S.W.2d 568, 569 (Mo.App.1986). In the instant case, Wife had applied for employment at only two locations in the three and one-half years between the separation of the parties and the trial. The trial court made a specific finding that she had made very little effort to seek or obtain employment. Based upon our review of the transcript, we agree with that finding. The trial court did not abuse its discretion, therefore, in reducing the maintenance award payable to Wife from that which had been paid under the temporary allowance.

 The evidence was clear that Wife did not possess employment skills which would likely produce significant income, especially considering the fact that she had limited employment experience and had been out of the labor market for a number of years. There was no evidence describing her present employment potential or the amount of income a person with her skills might reasonably receive. Based on the evidence, however, Husband's earning capacity far exceeds that of Wife, and the assets distributed to him have a history of producing a significant income. Such circumstances are properly considered in reviewing an award of maintenance. *See In Re Marriage of Runez,* 666 S.W.2d 430, 433 (Mo.App.1983).

 Our review of Wife's monthly expenses reveals such items as a monthly car payment for a second vehicle. Disregarding that expense, the evidence indicates that her

monthly expenses are approximately $2800. There was no finding that these expenses were unreasonable under the circumstances. The maintenance awarded by the trial court, therefore, resulted in Wife having approximately $1800 per month less income than expenses. While the evidence indicated she could engage in some gainful employment, there was no showing that she could then reasonably be expected to earn that much. While maintenance need not necessarily permit continuation of a prior standard of living, that lifestyle, together with the length of marriage, are factors to be considered and frequently provide evidence of what the parties have determined their reasonable needs to be. *Brueggemann v. Brueggemann,* 551 S.W.2d 853, 857 (Mo.App.1977). Under the circumstances of this case, we believe that the trial court abused its discretion in setting the amount of maintenance payable to Wife.

An appellate court which believes the trial court has abused its discretion may enter the judgment the trial court should have entered, effective at the time of the decree. Rule 84.14; *In re Marriage of Hall,* 801 S.W.2d 471, 474 (Mo.App.1990); *In re Marriage of Runez,* 666 S.W.2d at 433–434. Accordingly, the award of maintenance is reversed and the judgment is modified to increase the maintenance award to a total of $2000 per month, which may be modified by court order upon proper motion and evidence, but otherwise shall have no fixed termination date. The effective date of this judgment shall be January 14, 1992, the date of the decree from which this appeal was taken.

This cause is remanded to the trial court to so modify the judgment. In all other respects, the judgment is affirmed.

MONTGOMERY, P.J., and FLANIGAN, J., concur.