In re the MARRIAGE OF Rebecca
WESSEL and Jon T. Wessel.

Rebecca WESSEL, Petitioner–
Appellant–Respondent,

v.

Jon T. WESSEL, Respondent–
Respondent–Appellant.

Nos. 21045, 21061.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 10, 1997.

Motion for Rehearing and Transfer to
Supreme Court Denied Nov. 4, 1997.

C. Ronald Baird, Mark J. Millsap, Baird,
Lightner & Millsap, Springfield, for Petition-
er–Appellant.

Charles B. Cowherd, Husch & Eppenber-
ger, Springfield, for Respondent–Respon-
dent.

Before PREWITT, SHRUM and
BARNEY, JJ.

PER CURIAM.

Both parties appeal from a judgment dis-
solving their marriage and granting other
relief. Petitioner contends that she should
have been awarded more in the way of main-
tenance and child support, and that their
property was not properly divided. On his
appeal, Respondent contends that the trial
court awarded excessive maintenance and
child support.

Review is under Rule 73.01. As interpret-
ed, that rule requires that we sustain the
judgment of the trial court unless there is no
substantial evidence to support it, unless it is
against the weight of the evidence, or unless
it erroneously declares or applies the law.
*In re Marriage of Torix*, 863 S.W.2d 935, 937
(Mo.App.1993).

Petitioner contends that the trial court
erred in awarding maintenance and calculat-
ing child support because it imputed wages
of $1,250 per month to her. The matter was
heard before a family court commissioner.
His initial recommendation included findings
"imputing minimum wage of $736 per month"
to Petitioner. His amended findings imputed
$1,250.00 per month to Petitioner. The judg-
ment adopted the amended findings. Peti-
tioner contends that the trial court improper-
ly imputed the wages to her, as it was based
upon speculation and the only evidence was
that she may be capable of earning minimum
wage or slightly above that.[1]

Petitioner has a Bachelor of Arts degree in
home economics. Since the marriage, she
primarily was a homemaker and caretaker
for the parties' two children. This was in
accordance with both parties' wishes. Since
their marriage, Petitioner worked at two fast
food restaurants: at Arby's Restaurant, from
1977 until shortly before the birth of their
first child in 1983; and at McDonald's Res-
taurant, for six to nine months, in 1992. At

---

1. There are also other contentions regarding the
calculation of child support and the awarding of

maintenance, but we find no merit in those con-
tentions.

these jobs, she made minimum wage or slightly above it.

Respondent offered into evidence newspaper employment advertisements, which he testified Petitioner would be qualified to fill. The ads stated that a "restaurant manager trainee" could make from $24,000 to $40,000 per year. Also offered was an ad stating that the general manager at a fast food restaurant could make $75,000 per year, and manager trainees could earn from $17,000 to $18,000 per year. Petitioner contends that Respondent was not qualified to determine jobs for which Petitioner was qualified, and that the newspaper ads were hearsay. Petitioner asserts that the evidence was speculative as to whether Petitioner could, in fact, obtain a job like the one advertised, or earn the wages therein mentioned.

The newspaper ads were hearsay. *See Cantrell v. Superior Loan Corp.,* 603 S.W.2d 627, 644 (Mo.App.1980). *See also Thoroughbred Ford, Inc. v. Ford Motor Co.,* 908 S.W.2d 719, 736 (Mo.App.1995)(newspaper article is admissible if not for the truth but that it was written). Here, the ads were offered for the truth of the information stated within. Respondent was not qualified as an expert, which might make certain hearsay evidence relevant if it was "a type reasonably relied upon by experts in the field . . . ." Section 490.065.3, RSMo 1994.

In *LoPiccolo v. LoPiccolo,* 547 S.W.2d 501, 506 (Mo.App.1977), the court stated:

> The 'earning capacity' of a spouse is an illusory financial resource if the evidence does not justify a conclusion that the spouse can realize such 'earning capacity.' (citing case) The court is not restricted to a consideration of present earnings and can consider prior earning capacity and *probable* future prospects, but the evidence must justify the inference that the spouse will realize such expectations. (citing case) A future income source should not be considered if the amount of the future income is speculative.

The ads and Respondent's conclusions were not properly admissible to show Petitioner's earning capacity. We conclude that there was no valid evidence that Petitioner could earn the amount imputed to her.

There was evidence that Petitioner could make $867.00 monthly. Accordingly, we have re-calculated the amount of child support, pursuant to Form 14, and have determined that child support should be increased from $1,426.00 per month to $1,480.00 per month. Maintenance should be increased from $435.00 per month to $500.00 per month, both to be effective as of the date of the judgment. *See In re Marriage of Runez,* 666 S.W.2d 430, 434 (Mo.App.1983).

Review of Petitioner's remaining contentions reveals no merit. The same is true of Respondent's contentions. They are denied pursuant to Rules 84.16(b)(1) and (5).

The portion of the judgment awarding child support and maintenance is reversed and the cause remanded to the trial court to amend the judgment in those respects by setting child support to be $1,480.00 per month, and maintenance at $500.00 per month. The increased maintenance and child support shall be effective and payable from May 7, 1996, the date of the judgment. In all other respects the judgment is affirmed.

SHRUM, Judge, concurring in part and dissenting in part.

I agree with the majority's conclusion that there was no valid evidence that Wife could earn the amount imputed to her. However, I would reverse and remand for a new trial on the issues of maintenance and child support.

Tax consequences are a factor to be taken into consideration in dissolution cases. *See Mika v. Mika,* 728 S.W.2d 280, 285[8] (Mo. App.1987). The trial court is the only forum in which litigants can meet their burden of adducing evidence with particularity about the possible adverse tax consequences arising from dissolution proposals. *Id.*

Since the trial court erred in setting child support and maintenance, I would remand for a new trial on those issues. *See Clark v. Clark,* 801 S.W.2d 95, 99 (Mo.App.1990). In all other respects, I concur in the majority opinion.